UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS J. COCCO, | : | |
| Petitioner, | : | Civ. No. 21-97 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.     **INTRODUCTION**

Petitioner is a former federal prisoner proceeding *pro se* with a petition for writ of error *coram nobis*. (*See* ECF 1). For the following reasons, Petitioner's petition for writ of error *coram nobis* is denied.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner seeks *coram nobis* relief from previous convictions by a jury in the late 1990's at trial of two counts of mail fraud and one count of conspiracy to commit mail fraud. Petitioner represented himself *pro se* at trial. The Court sentenced Petitioner to thirty-six months imprisonment. Petitioner was released from incarceration by the Federal Bureau of Prisons on April 20, 2001. *See* https://www.bop.gov/inmateloc/ (last visited on February 2, 2024).

Petitioner's conviction arose from his involvement in real estate transactions. On direct appeal, the United States Court of Appeals for the Third Circuit briefly summed up the facts giving rise to Petitioner's convictions as follows:

> In July and September of 1989, Cocco sold two residential properties to two different buyers. The buyers of those properties each obtained a mortgage from Citigroup Mortgage, Inc. (CMI), a mortgage company. In order to obtain the mortgage, both of the

> buyers represented to CMI (with Cocco's knowledge) that both had paid Cocco a 20 % down payment, as required by CMI in order to obtain the type of mortgage sought by both buyers. . . .
>
> [T]he indictment charged that Cocco, in conspiracy with each buyer and several other persons involved in the sale, had engaged in a scheme to defraud CMI by falsely representing that the buyer had satisfied the 20 % down payment imposed by it. For each of the substantive mail fraud counts [two counts] the indictment alleged that the mailing element was satisfied when CMI mailed a loan commitment letter to tbe buyer.

(ECF 6-1 at 3). The Third Circuit affirmed Petitioner's judgment of conviction on appeal. (*See id.* at 27).

Subsequently, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner raised several claims in this action, including, and most relevant to this *coram nobis* petition, the following as described by this Court:

> First, Cocco contends that the government intentionally concealed certain exculpatory evidence prior to trial that was required to be disclosed under Brady v. Maryland, 373 U.S. 83 (1963). That Brady impeachment evidence allegedly included (1) the organized crime connection of Ronald McKay[1]; and (2) the fact that the government had agreed not to prosecute several members of in exchange for McKay's testimony.
>
> The second ground for relief is Cocco's contention that the government caused McKay to commit perjury during his trial testimony when McKay failed to reveal (1) his organized crime connection; (2) the government's agreement not to prosecute his family members; and (3) the fact that the government had sent him to "court school" to learn how to testify at Cocco's trial.

(*See* ECF 6-4 at 3-4). On October 19, 2004, this Court denied Petitioner's request for relief under § 2255. On January 27, 2005, this Court denied Petitioner's motion for reconsideration. (*See* No. 03-1306 ECF 34 & 35). On March 10, 2005, this Court denied Petitioner a certificate of

---

[1] McKay was a witness to one of the transactions for which Petitioner was convicted. (*See* ECF 6-4 at 5 at n.1).

2

appealability on his § 2255 motion. (*See* No. 03-1306 ECF 42). On July 8, 2005, the Third Circuit dismissed Petitioner's appeal of the denial of his § 2255 motion for lack of jurisdiction and also declined to enter a certificate of appealability. (*See* No. 03-1306 ECF 43).

In 2021, Petitioner filed the instant *coram nobis* petition. Petitioner makes numerous contentions in support of his *coram nobis* petition. By way of example only, Petitioner asserts the following:

1. The indictment was "bogus" as it was based on perjured prearranged testimony from the government (*see* ECF 1 at 11, 49);
2. The Court lacked jurisdiction and the investigation was corrupt which resulted in false charges being manufactured against Petitioner (*see id.* at 31, 57);
3. There was a fatally flawed and false indictment levied against Petitioner (*see id.* at 55).

In support of his *coram nobis* petition, Petitioner includes numerous affidavits and certifications from various witnesses, including McKay. The latest of these affidavits is dated January, 2010. (*See* ECF 1-1 at 13). Three affidavits are from McKay, who essentially asserts that his testimony was not accurate or forthcoming during Petitioner's trial. (*See* ECF 1-1 at 3). For example, McKay states in his first affidavit from 2007 that he was instructed what to say at Petitioner's trial. (*See id.*). Next, Petitioner includes an affidavit from Michael Andrews from 2009 whereby Andrews states in part that he was upset regarding his testimony that was used improperly by the government at Petitioner's trial to help convict Petitioner. (*See* ECF 1-1 at 18).

Petitioner also includes two affidavits from his former counsel, Kevin Shannon, Esq. from 2002. (*See* ECF 1-1 at 22-28). In the first affidavit, Mr. Shannon noted his lack of federal criminal experience and stated that the Court permitted Petitioner to proceed *pro se* at trial, but that Mr. Shannon could assist him. (*See id.* at 22). Mr. Shannon's second affidavit discusses his

3

role in assisting Petitioner at trial. Mr. Shannon states that the lack of adequate representation prejudiced Petitioner. (*See id.* at 28).

The next two documents Petitioner includes in support of his *coram nobis* petition are two certifications from Charles Howard, both from 1998. (*See* ECF 1-1 at 29-36). The first notes Howard testified at Petitioner's grand jury proceedings, but complains about the actions of the Assistant United States Attorney. (*See id.* at 29-31). The second certification notes Howard's involvement with Petitioner at a meeting he had concerning previous complaints concerning the F.B.I that occurred in January, 1998. (*See id.* at 32-36).

Petitioner includes two other certifications from Paul Dzialo. (*See id.* at 37-45). The first certification is dated August 5, 2008. In that certification, Paul Dzailo states that there were many misstatements, inaccuracies and omissions in previous statements he had given to the government. (*See id.* at 37). In a longer certification from December, 2001, Dzailo states he was a witness during Petitioner's criminal proceedings. (*See id.* at 39). In this certification, he again states that the information he provided was "distorted, misrepresented and mischaracterized." (*See id.* at 39-40).

Respondent opposes Petitioner's petition for writ of error *coram nobis*. (*See* ECF 6). Respondent's sole basis for opposition is that Petitioner offers no sound reason for failing to seek relief sooner. Petitioner has filed a reply in support of his *coram nobis* petition. (*See* ECF 7).

### III. DISCUSSION

"The writ of error *coram nobis* is an 'infrequent' and 'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola,* 248 F. App'x 409, 411 (3d Cir. 2007) (citing *Carlisle v. United States,* 517 U.S. 416, 429 (1996); *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989); *United States v. Osser,* 864 F.2d 1056, 1059 (3d Cir. 1988);

*United States v. Gross,* 614 F.2d 365, 368 (3d Cir. 1980) (per curiam)); *see also Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020). A petition for writ of error *coram nobis* "provides a means to challenge a federal conviction where a party who is no longer in custody for purposes of § 2255 faces continuing consequences as a result of being convicted." *Ragbir*, 950 F.3d at 62 (citing *Rhines v. United States*, 640 F.2d 69, 71 (3d Cir. 2011); *United States v. Baptiste*, 223 F.3d 188. 189 (3d Cir. 2000); *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013); *Stoneman*, 870 F.3d at 105-06 (3d Cir. 1989)).

Obtaining *coram nobis* relief "is more stringent than that applicable on direct appeal or in habeas corpus in recognition of judicial interests in finality and efficiency." *Id.* (internal quotation marks and citations omitted). In *Ragbir*, the Third Circuit noted that "'it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate.'" *Id.* (quoting *Carlisle*, 517 U.S. at 429). Nevertheless, to establish *coram nobis* relief, a petitioner has the burden to show he: "(1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." *Id.* (citing *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012); *United States v. Orocio*, 645 F.3d 630, 634 n.4 (2011); *Rhines*, 640 F.3d at 71; *Stoneman*, 870 F.2d at 105-06)).

Respondent concedes that Petitioner satisfies the first and second requirements to obtain *coram nobis* relief, but argues that Petitioner fails to satisfy the third requirement of providing sounds reasons for not seeking relief earlier. The basis for Petitioner's *coram nobis* petition is essentially found within the affidavits and certifications that Petitioner included as exhibits to his *coram nobis* petition and the information contained therein. The latest of these affidavits is dated

from 2010. Petitioner though did not file this *coram nobis* petition until eleven years later, in 2021.

In *Ragbir*, the Third Circuit noted that a court does not apply a timeliness standard in *coram nobis* that is forgiving of delay and dilatoriness. *See Ragbir*, 950 F.3d at 64. The Third Circuit noted in determining what constitutes bringing a claim in a timely fashion is whether the claim can be reasonably raised. *See id.* at 65. In that case, the Third Circuit determined that a delay of ten years in bringing a *coram nobis* petition was too long a period to satisfy the third requirement of obtaining *coram nobis* relief. *See Ragbir*, 950 F.3d at 64-66.

Petitioner asserts that it took him twenty years to research and identify the FBI and Justice Department's scheme against him. (*See* ECF 1 at 4-5). This reason though does not constitute a sound reason for his failure to seek relief for at least eleven years. *See, e.g.*, *United States v. Stuler*, 614 F. App'x 597, 598 (3d Cir. 2015) ("Although his petition in the District Court mentioned in passing that Stuler spent "years and years" learning about the theories he raised to support his claim, this alone is insufficient to warrant such a delay."). Given Petitioner waited over at least eleven years since the date of the latest affidavit/certification relied upon to support his *coram nobis* petition, and no sound reason is given for this delay, Petitioner is not entitled to *coram nobis* relief.[2]

---

[2] Petitioner's reliance on *Limone v. United States*, 497 F. Supp.2d 143 (D. Mass. 2007) in this action is misplaced. That case involved a civil complaint in which the plaintiffs' convictions of murder were previously overturned, not a case where a petitioner was seeking the extraordinary relief under *coram nobis*.

## IV.     CONCLUSION

For the foregoing reasons Petitioner's petition for writ of error *coram nobis* is denied. An appropriate order will be entered.


DATED: February 8th, 2024                                  s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Court